# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re **HEATHER SMART**<br><br>Debtor.<br><br>**HEATHER SMART**<br><br>      Plaintiff,<br><br>v.<br><br>**NAVIENT SOLUTIONS, LLC**<br><br>      &      <br><br>**UNITED STATES DEPARTMENT OF EDUCATION**<br>      Defendants. | Case No. 20-34562<br><br><br><br><br><br>Adv. Pro. No. |

## PLAINTIFF'S COMPLAINT

Plaintiff HEATHER SMART, files this Complaint against Defendant Navient Solutions, LLC and the United States Department of Education ("Defendant") on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, as follows:

### I.

### PARTIES

**A.** **Plaintiff**

    1.    Heather Smart is a citizen of the State of Texas, residing in this District.

**B.** **Defendant**

    2.    Navient Solutions, LLC is a business entity that in the ordinary course of business regularly, on behalf of itself or others, engages in the servicing and collection of consumer debt.

Navient Solutions, LLC is a national company with its principal place of business in Pennsylvania.

3. The United States Department of Education is an agency of the federal government.

## II.

## JURISDICTION AND VENUE

4. This Adversary Proceeding is brought under Case Number 20-34562.

5. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b). This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

6. This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 1601, 15 U.S.C. § 1692 and Federal Rules of Bankruptcy Procedure Rule 7001.

7. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## IV.

## STATEMENT OF FACTS

8. Plaintiff attended New Mexico Junior College between 2001 and 2008 and received her Associate of Arts and Science degree in 2008; then

9. Plaintiff attended Eastern New Mexico University between 2008 and 2010 and received a Bachelor of Science degree in the field of Business and Management in 2010.

10. During that time, Plaintiff received federal financial student loans.

11. The total amount Plaintiff owes on these loans is $95,180, including outstanding principal and outstanding interest.

12. Owing to circumstances beyond her control, Plaintiff filed for Chapter 7 seeking to discharge over $40,000 of general unsecured debt and over $40,000 of priority unsecured debt.

13. Plaintiff requests discharge on the grounds of "undue hardship."

14. Plaintiff currently has about $95,180 in outstanding federal student loans, including outstanding principal and interest.

15. Plaintiff owes approximately $1,017 per month for her federal education-related debt.

16. Plaintiff's current gross income consists of unemployment of approximately $1,888 per month.

17. Plaintiff's necessary and reasonable expenses, come to $2,184.

18. Plaintiff's combined necessary and reasonable expenses and the balance due each month on her federal education-related debt exceed her take-home income.

19. Plaintiff does not foresee her financial situation improving in the future.

20. Plaintiff has made an honest and good faith attempt to repay these loans on the original terms since they became due.

21. Repayment of the loans would therefore constitute an "undue hardship" on Plaintiff.

### III.

### CLAIMS FOR RELIEF

**A.     Count One: Determination of Dischargeability**

22. Plaintiff realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

23. Plaintiff is entitled to discharge of the Loans because repayment would constitute an "undue hardship" under 11 U.S.C. 523(a)(8).

24. Accordingly, Plaintiff prays this Court discharge her student debt in part or in total.

## IV.

## PRAYER

25. In light of the foregoing, Plaintiff requests that Defendant be cited to appear and judgment be entered against Defendant for:

**(1)** declaratory and injunctive relief;

(2) determination of dischargeability;

**(2)** other such relief as the Court deems just and proper.

Date: December 16, 2020

        Respectfully submitted,

        /s/ Daniel J. Ciment
        Ciment Law Firm, PLLC
        Daniel Ciment, Bar No. 24042581
        24275 Katy Freeway, Suite 400
        Katy, TX 77494
        833.663.3289 Phone
        855.855.9830 Fax
        Daniel@CimentLawFirm.com